KRIEGER vs. WARNER.

———————— ◄●►◄ ————————

## KRIEGER vs. WARNER.

Replevin for a stock of groceries,—*Held*, That where the quantity, kind and location of the property to be replevied is given in the writ so that no other property than that claimed can be taken, the description is sufficiently particular to comply with the statute, and protect the rights of the defendant.

A return which shows the appraisement of goods replevied to have been made on oath administered by the officer, to make a true appraisement, sufficiently shows in what manner in this respect the officer executed the writ.

A declaration filed within ten days after the return day of the writ of replevin is in time.

A neglect to file the declaration in time is no ground for quashing a writ. Such neglect can only be taken advantage of by rule to declare and judgment of *non pros*.

*Berrien Circuit, October*, 1871.

Motion to quash writ of replevin.

*Beaver*, for motion.

*Muzzy*, opposed.

*By the Court*, BLACKMAN, J.—The plaintiff replevied a stock of groceries attached by the defendant as Sheriff.

The defendant now moves to quash, for three reasons :

1. Because of the insufficient description of the goods in the writ.

2. Because the goods were not appraised according to law.

3. Because the *Narr* was not filed until after the time prescribed, viz : on the return of the writ.

The several objections will be considered in their order. The statute, Chap. 152, nowhere prescribes the certainty with which the good replevied shall be described.

In § 5010, which gives a form for the writ, a blank is directed to be filled by " describing the goods and chattels to be replevied." In the absence of a statutory provision the Court must apply the common law rule, which requires certainty to a general extent, as

KRIEGER vs. WARNER.

expounded in 18 *Mich.*, 170. And the proper application of this rule must be controlled by the peculiar circumstances of the case.— Potter's store had been shut up by the Sheriff. Obviously no such thing as an inventory is possible. He has given as many limitations to the descriptions as were in his power, by confining service of the writ to all the groceries in the store occupied by Potter, on a certain lot in St. Joseph. The kind, quantity and location of goods are specified.

The defendant has taken inventory if he has executed the writ of attachment so that his rights are not periled. See on this point, *Grah. Pr.*, 733 ; *Petersdorff's Abr.*, 194.

The second objection does not appear to be founded on facts.— The counsel for defendant in pointing out the particular fact on which he relies, states that from the officer's return it does not appear the appraisement was made on oath. By § 5018, the officer must return the manner in which he executed the writ. It appears from the appraisement and return that all the statute required was done. The oath itself need not be returned.

The third and last objection is based upon a peculiar construction of § § 5026. 5027, and decisions on statutes found in 2 *Wis.*. 17 ; 4 *Id.*, 152 ; 1 *Hill*, (*Cal.*,) 216. The writ may be returned before the return day. § 5018. On such return the Clerk shall enter an appearance for the defendant.

Counsel for defendant claim the next section, 5027, requires the plaintiff to declare " within the same time," leaving out of this connection the words, " as in personal actions."

On the counsel's own construction this default is only ground for a judgment of discontinuance. See *Grah. Pr.*, 732, for directions ; or 1 *Burr Pr.*, 488.

The counsel for defendant has wholly misconstrued the statute which requires plaintiff to declare in the same time as in personal actions, which is, (R. 16,) twenty days after the return day. The *Narr* was filed ten days after.

The motion is therefore denied with costs.